IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge R. Brooke Jackson

Civil Action No.14-cv-03282-RBJ

BRUCE MINGO,

Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

---

ORDER FOR ANSWER AND STATE COURT RECORD

---

## I. Background

Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No.1, challenging the conviction and sentence in State of Colorado Criminal Case No. 98CR2673. In an order entered on December 4, 2014, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed their Pre-Answer Response, ECF No. 10, on January 21, 2015.

Applicant did not reply within the time allowed.

Applicant raises four claims in the Application. The claims are as follows:

(1) Trial counsel violated Applicant's right to effective assistance of counsel by:

(i) conceding prosecution's theory of guilt in opening and closing statements;

(ii) Eliciting incorrect forensic evidence falsely inculpating Applicant;

(iii) Not offering a coherent defense theory;

(iv) Failing to present expert testimony regarding who attacked the victim;

(v) Failing to investigate and present testimony from codefendants that Applicant did not participate in beating victim;

(vi) Failing to object and not waive Applicant's right to confront codefendant on his lighter sentence for testifying;

(vii) Failing to assure the jury was properly instructed;

(viii) Interfering with Applicant's right to testify;

(2) Postconviction court violated Applicant's due process rights when the court rejected significant material evidence;

(3) Trial court violated Applicant's due process rights when the court offered sentencing inducements to the prosecution's chief witness to testify against Applicant; and

(4) Trial court violated Applicant's due process rights by failing to give him a complete and accurate advisement regarding his right to trial and counsel interfered with Applicant's right to testify.

## II. Analysis

The Court must construe liberally the Application, because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Respondents concede the action is timely and Claims One and Three are exhausted, but they contend that Claim Two is not cognizable in a federal habeas action and Claim Four is unexhausted. The Court will address Claims Two and Four as follows.

A. Claim Two

Respondents argue that Claim Two does not invoke the jurisdiction of this Court, because errors in a postconviction proceeding are not grounds for § 2254 review. ECF No. 10 at 4. Respondents also argue that Claim Two includes a freestanding actual innocence claim that is not cognizable in a federal habeas action. *Id.* at 5. Applicant does not disagree with Respondents' arguments.

In Claim Two, Applicant asserts the postconviction court rejected significant material evidence that was not made available at trial and that would have established his innocence. ECF No. 1 at 17. Applicant is challenging the postconviction court's refusal to rely on the testimony by Applicant's codefendants at the postconviction hearing.

There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that

petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, Applicant's claim that the postconviction court rejected significant material evidence not available at trial is not a federal constitutional claim.

To the extent in Claim Two that Applicant is asserting a free-standing innocence claim, "[c]laims of actual innocence are subject to an exacting standard, and in most cases, are simply not cognizable through habeas petitions." *See Allen v. Beck*, 179 F. App'x 548, 550 (10th Cir. May 16, 2006) (unpublished). Generally, claims of actual innocence are not constitutional claims and do not provide a basis for federal habeas relief unless grounded in or connected to an independent constitutional claim. *See Herrera v. Collins*, 506 U.S. 390 (1993); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) (assertion of actual innocence "does not, standing alone, support the granting of the writ of habeas corpus"); *Sellers v. Ward*, 135 F.3d 1333, 1338 (10th Cir. 1998). While innocence may be material when an applicant is subject to threshold obstacles, such as the statute of limitations or procedural default, innocence alone does not justify the issuance of a writ of habeas corpus. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (holding that a habeas applicant's "claim of innocence does not by itself provide a basis for relief").

Applicant bases his innocence claim on alleged testimony that codefendants would have presented at trial, which is not based on any constitutional infirmity at trial other than an innocent man was convicted. Such a freestanding claim of actual innocence is not available in a noncapital case. *Allen*, 179 F. App'x at 551.

The Court, therefore, will dismiss Claim Two for failure to assert a cognizable claim in a

federal habeas action.

B. Claim Four

Respondents argue that Claim Four is unexhausted because Applicant failed to present the claim to the Colorado Supreme Court for review. ECF No. 10 at 10-12.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v.*

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Colorado law provides that

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at 849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Respondents are correct that, in order to exhaust state court remedies, a claim must be

presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. If a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The Court is not persuaded by Respondents' arguments to the contrary and does not find the Tenth Circuit's comments in *Prendergast v. Clements*, 699 F.3d 1182, 1184 n.2 (10th Cir. 2012), nor the exhaustion discussion in *Vreeland v. Davis*, 543 F. App'x 739 (10th Cir. 2013) (certiorari review was pending), or *Frazier v. Werholtz*, 543 F. App'x 799, 802 (10th Cir. 2013) (defendant had sought certiorari review and not included claim), dispositive for finding that habeas applicants must present federal claims to the CSC. The Court finds that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. Claim Four, therefore, is exhausted.

III. Conclusion

Accordingly, it is

ORDERED that within thirty days Respondents are directed to file an answer in

compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One, Three, and Four. It is

FURTHER ORDERED that Claim Two is dismissed because it is not cognizable in a federal habeas action. It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may file a reply if he desires. It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 98CR2673, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims. It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1) Clerk of the Court
Denver County District Court
1437 Bannock Street
Denver, Colorado 80202; and

(2) Court Services Manager
State Court Administrator's Office
101 W. Colfax, Ste. 500
Denver, Colorado 80202.

DATED: April 6, 2015, at Denver.

BY THE COURT:

[signature]

R. BROOKE JACKSON
United States District Judge